**LAW OFFICE OF ARYEH KAUFMAN**
ARYEH KAUFMAN (SBN: 289745)
5482 Wilshire Blvd. Suite #1907
Los Angeles, CA 90036
Phone: (323) 943-2566
Fax: (213) 402-8598

Attorney for Plaintiff
OXGORD, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OXGORD, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE CHROME WAREHOUSE LLC, a South Carolina limited liability company; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/ *Lanham Act § 32(a)*];**<br><br>**2. FALSE DESIGNATION OF ORIGIN/ FALSE OR MISLEADING ADVERTISING/UNFAIR COMPETITION [15 U.S.C. § 1125(a)/ *Lanham Act* § 43(a)];**<br><br>**3. TRADEMARK DILUTION [15 U.S.C. §1125(c)];**<br><br>**4. UNFAIR BUSINESS PRACTICES [*California Bus. and Prof. Code* § 17200]; AND**<br><br>**5. COMMON LAW MISAPPROPRIATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff OxGord Inc., for its Complaint herein, alleges as follows:

## PARTIES

1. Plaintiff OxGord, Inc. ("OxGord" or "Plaintiff"), is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation duly organized and existing under the laws of the State of California, having its principal place of business in Los Angeles County, California. OxGord owns the federally registered trademark OXGORD, and related common law trademarks, and at all relevant times has used and continues to use these trademarks in connection with its business of creating, branding, manufacturing, marketing, and selling, *inter alia*, after-market automobile products.

2. Plaintiff is informed and believes, and based thereon alleges, that THE Chrome Warehouse LLC ("Chrome Warehouse" or "Defendant") is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation duly organized and existing under the laws of the State of South Carolina, having its principal place of business in Rock Hill, South Carolina, and regularly does business in California.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly. Chrome Warehouse and the Doe defendants are collectively referring to herein as "Defendants."

4. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned in this Complaint, each of the Defendants was the agent, representative, partner, independent contractor and/or employee of the other defendants, and in doing the things alleged in this Complaint was acting within the course and scope of that agency, representation, partnership, contact, and employment. Plaintiff is further informed and believes, and based thereon alleges,

that each of the fictitiously named defendants is in some manner responsible for the acts, occurrences and transactions set forth herein and are legally liable to Plaintiff thereby. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants took some part in the acts and omissions hereinafter set forth by reason of which each defendant is liable to Plaintiff for the relief prayed for herein.

## JURISDICTION AND VENUE

5. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 (federal question), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition, and dilution under the *Lanham Act* (15 U.S.C. § 1050 *et seq.*), and this Court has supplemental jurisdiction over the state statutory law claims asserted herein pursuant to 28 U.S.C. §§ 1367(a)

6. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and has, and continues to cause substantial damages to Plaintiff in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff is a national leader in distributing aftermarket automotive products. Its products are sold in retail locations around the country as well as online through various e-commerce marketplaces. The aftermarket automotive industry is competitive, and Plaintiff undertakes great expense and risk in testing, manufacturing, marketing, distributing, and delivering its products to consumers. Since at least 2011, OxGord has conducted these activities using the OXGORD trademarks (the "Marks").

8. The success of Plaintiff's products is due in large part to Plaintiff's marketing and promotional efforts. These efforts include advertising and promotion through Plaintiff's own websites, print and other internet based

advertising, and various other efforts.  Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness, and goodwill in its products, services, and marks.

9. While Plaintiff has gained significant common law trademarks in its products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark Registration No. 4,772,659.  Additionally, Plaintiff has been vigilant in enforcing its intellectual property rights.

10. Plaintiff has never authorized or consented to Defendants' use of the Marks, or any confusingly similar mark.

11. Particularly in light of the success of Plaintiff and Plaintiff's products, as well as the reputation they have gained, Plaintiff and its products have become targets for unscrupulous individuals and entities who wish to take advantage of the goodwill, reputation, and fame Plaintiff has spent considerable effort to build up in its products and its Marks.

12. Plaintiff investigates and enforces its intellectual property rights against such illegal activity and, through such enforcement efforts, has learned of Defendants' illicit actions advertising, exporting, importing, advertising, promoting, selling, and claiming to sell, authentic OxGord merchandise.

13. On August 31, 2016, while investigating possible infringing listings on Amazon.com, Plaintiff purchased two items from amazon.com seller "The Chrome Warehouse" purporting to be original OxGord branded products.

14. The products arrived on September 8, 2016, and were promptly examined by Plaintiff.  The examination confirmed the items were not OxGord branded items, and were not items manufactured by Plaintiff.

15. In addition to the trap purchases made, on information and belief, Defendants have passed off hundreds of generic products as OxGord's branded products.  Defendants' actions violate Plaintiff's exclusive rights in its trademarked

material, and their use of images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of the Marks. Defendants' conduct and use began long after Plaintiff's adoption and use of the Marks, after Plaintiff obtained the trademark registration identified above, and after Plaintiff's marks became famous. Indeed, Defendants had knowledge of Plaintiff's ownership of the Marks, and of the fame in such marks, prior to the action alleged herein, and adopted them in bad faith and with intent to cause confusion and dilute the Marks. Neither Plaintiff nor any authorized agents have consented to Defendants' use of the Marks.

16. Defendants' actions were committed in bad faith and with the intent to dilute the Marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship, and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. Plaintiff is informed and believes, and based thereon alleges, that Defendants' sales of their own aftermarket auto accessories while listing against Plaintiffs' branded detail pages on amazon.com, has created the false and misleading perception to consumers that Chrome Warehouse's knock-off and/or generic products were affiliated with, endorsed by, or otherwise associated with Plaintiff's OXGORD brand. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

17. In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiff by (a) infringing and diluting Plaintiff's rights in the Marks; (b) passing off generic goods as Plaintiff's branded goods; (c) misleading the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (d) using false designations of origin on or in connection with its goods and services; (e) committing unfair competition; (f) and

unfairly profiting from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

# FIRST CAUSE OF ACTION

## Federal Trademark Infringement, 15 U.S.C. § 1114

(Against All Defendants)

18. Plaintiff repeats, re-alleges, and incorporates herein by reference paragraphs 1-17, inclusive, of this Complaint.

19. Plaintiff has continuously used the Marks in interstate commerce since 2011.

20. Plaintiff, as the owner of all rights, title, and interest in and to the Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

21. Defendants are, and at the time of their actions complained of herein were, aware that Plaintiff is the registered trademark holder of the OXGORD mark.

22. Defendants did not obtain consent or authorization of Plaintiff to deal in and commercially distribute, market, and sell products claiming to be authentic OxGord merchandise.

23. Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of the Mark in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling and distributing knock-off and/or generic goods on amazon.com.

24. Defendants' egregious and intentional use and sale of knock-off and/or generic items using Plaintiff's listing on amazon.com is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

25. Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the Mark, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

26. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the Marks and the goodwill associated therewith, for which it has no adequate remedy at law, and in amounts according to proof at trial.

27. Defendants' continued and knowing use of the Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 U.S.C. § 1114. Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by Section 1116-1118, including Defendants' profits, treble damages, reasonable attorney's fees because this is an exceptional case under 15 U.S.C. § 1117(a), costs, and prejudgment interest.

## SECOND CAUSE OF ACTION
## False Designation of Origin/False or Misleading Advertising/Unfair Competition 15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)

(Against All Defendants)

28. Plaintiff repeats, re-alleges, and incorporates herein by reference paragraphs 1-27, inclusive, of this Complaint.

29. By promoting their knock-off and/or generic products as set forth above, Defendants have falsely stated and implied that they are affiliated with Plaintiff and its OXGORD brand.

30. Plaintiff, as the owner of all common law right, title, and interest in the Mark, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute Lanham Act Section 43(a) (15 U.S.C. § 1125). The Mark is inherently distinctive.

31. Defendants have without authorization, on or in connection with its goods and services, used in commerce a mark that is confusingly similar to the Mark, and has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, and as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

32. Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with, and injured Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of the Mark.

33. Defendants falsely and misleadingly advertised, promoted, and sold goods that were not authentic OxGord goods on an amazon.com listing clearly branded using the Mark.

34. By such unauthorized sale of goods other than authentic OxGord goods, Defendants' customers would actually be deceived and have a tendency to be deceived into believing that the products sold by Defendants were genuine OxGord products.

35. Defendants' deception is material, in that Defendants would likely influence customers into believing that the advertised OxGord product at one time was manufactured by and/or originated from Plaintiff.

36. By the direct diversion of sales, and the lessening of goodwill associated with the Mark, Plaintiff has been injured as a result of Defendants' false and misleading advertisement, promotion, and sale of non OxGord goods on OxGord's listing on amazon.com.

37. Defendants' egregious and intentional use and sale of counterfeit and/or generic items on Plaintiff's branded amazon.com listing unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers into believing they are purchasing OxGord goods.

COMPLAINT
- 8 -

38. Defendants' continuing and knowing use of the Mark, as described above, constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

39. Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales, and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seeks an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

40. Defendants' acts, as described above, make this an exceptional case under 15 U.S.C. § 1117(a), and OxGord is thereby entitled to an award of attorneys' fees and costs.

## THIRD CAUSE OF ACTION
## Trademark Dilution 15 U.S.C. §1125(c)

(Against All Defendants)

41. Plaintiff repeats, re-alleges, and incorporates herein by reference paragraphs 1-40, inclusive, of this Complaint.

42. OxGord's trademarks are distinctive and famous within the meaning of the *Lanham Act*.

43. Upon information and belief, Defendants' unlawful actions began long after the Mark became famous, and Defendants acted knowingly, deliberately, and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Mark. Defendants' conduct is willful, wonton, and egregious.

COMPLAINT
- 9 -

44. Defendants' intentional sales of products not bearing Plaintiff's Mark on amazon.com detail pages clearly marked with Plaintiff's Mark is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substantial imitations are genuine products sold by Plaintiff. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's Marks, and are likely to impair the distinctiveness, strength, and value of Plaintiff's Marks, and injure the business reputation of Plaintiff and its Marks.

45. Defendants' acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

46. As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, 1125(c), including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

## FOURTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES *California Bus. and Prof. Code* § 17200

(Against All Defendants)

47. Plaintiff repeats, re-alleges, and incorporates herein by reference paragraphs 1-46, inclusive, of this Complaint.

48. By marketing, advertising, promoting, selling, and/or otherwise dealing in the sale of unauthorized products on detail pages purporting to sell Plaintiff's products on amazon.com, Defendants have engaged in unfair competition including unlawful, unfair, and fraudulent business practices in violation of the *California Business and Professions Code* § 17200 *et seq*.

49. Defendants' marketing, advertising, promoting, selling, and/or otherwise dealing in the unauthorized products of Plaintiff is in violation and

COMPLAINT
- 10 -

derogation of Plaintiff's rights and is likely to cause confusion, mistake, and deception among consumer and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public. Defendants' conduct was intended to cause such loss, damage, and injury.

50. Defendants knew, or by the exercise of reasonable care should have known, that their marketing, advertising, promoting, selling, and/or otherwise dealing in and their continuing to sell goods purporting to be Plaintiff's would cause confusion mistake or deception among purchasers, users, and the public.

51. By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing to market, advertise, promote, sell, and/or otherwise sell goods purporting to be Plaintiff's, Defendants intended to and did induce and intents to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff in its marks.

52. Upon information and belief, the conduct of Defendants have been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

53. Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales, and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its Marks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

54.     Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief.

55.     Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

## FIFTH CAUSE OF ACTION

### Common Law Misappropriation

(Against All Defendants)

56.     Plaintiff repeats, re-alleges, and incorporates herein by reference paragraphs 1-55, inclusive, of this Complaint.

57.     Plaintiff has invested substantial time and money into developing its OXGORD brand and the goodwill associated with that brand.

58.     Defendants' have wrongfully appropriated Plaintiff's property and rights, including goodwill, associated with its OXGORD brand at no cost to Defendants.

59.     As a direct and proximate result of Defendants' wrongful acts as described fully herein, Plaintiff has been damaged and will continue to be damaged in an amount according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief against Defendant THE CHROME WAREHOUSE, and DOES 1 through 10, inclusive, and each of them as follows:

1.     For an order finding that, by the acts complained of herein, Defendants infringed OxGord's rights in and to the OXGORD mark.

2.     For an order finding that, by the acts complained of herein, Defendants engaged in false designation of origin and unfair competition.

3.     For an order finding that, by the acts complained of herein, Defendants have engaged in false advertising.

4. For an order awarding Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

5. For an order awarding Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

6. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

7. For damages to be proven at trial for common law unfair competition.

8. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or selling of any products purporting to be Plaintiff's on amazon.com, the unauthorized use of any of the Plaintiff's marks, acts of trademark infringement and dilution, false designation of origin, unfair competition, and any other act in derogation of Plaintiff's rights.

9. For an order that OxGord recover from Defendants all of OxGord's attorneys' fees, costs, disbursements, and other expenses OxGord has incurred due to Defendants' illegal and wanton actions, as allowed by statute.

10. For any and all further relief as the Court may deem just and proper.

Dated: December 5, 2016

                                                Aryeh Kaufman
                                                *Attorney for Plaintiff*
                                                OXGORD, INC.